UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAZAR BRIKHO,

    Plaintiff,

v.                                                                  Case No. 19-10592

JANA GREENO, *et al.*,                          Sean F. Cox
                                                                      United States District Court Judge
    Defendants.
_____/

**OPINION & ORDER
GRANTING DEFENDANT GREENO AND MERIDA'S
SUMMARY JUDGMENT MOTION (ECF NO. 69)
AND ORDER TO SHOW CAUSE**

    This § 1983 case was filed on February 27, 2019, by Plaintiff Nazar Brikho and his wife, Nancy Brikho. The case was recently reassigned to this Court, after discovery had concluded and after the Honorable Stephanie Davis issued an Opinion and Order granting summary judgment as to all federal claims, with the sole exception of Nazar Brikho's § 1983 claim that Defendants violated his right to be free from the use of excessive force while the police executed the search warrant. She also declined to exercise supplemental jurisdiction over any state-law claims and dismissed all state-law claims without prejudice. The matter is currently before the Court on a second summary judgment motion brought by Defendants Jana Greeno and Walter Merida, that challenges the sole remaining claim. The parties have briefed the issues and the Court concludes that a hearing is not necessary. For the reasons set forth below, the Court GRANTS the summary judgment motion brought by Defendants Greeno and Merida.

In addition, the Court notes that Plaintiffs recently filed an Amended Complaint. To the extent that Plaintiffs seek to re-assert all of the claims that Judge Davis dismissed, they may not do so. The Amended Complaint does, however, name five additional Defendants that Plaintiff Nazar Brikho may assert his remaining excessive force claim against. In light of this Court's rulings on the above motion, however, and in light of other apparent obstacles to such claims, the Court orders Plaintiff to show cause why this Court should not grant summary judgment in favor of those additional officers.

## BACKGROUND

**A.  Procedural Background**

On February 27, 2019, Plaintiffs Nazar Brikho and Nancy Brikho filed this action against the following Defendants: 1) the City of Detroit; 2) the Detroit Police Department; 3) Officer Jana Greeno; 4) Sergeant Walter Merida; and 5) at least two unidentified "John Doe" police officers.

Plaintiffs' complaint included both state and federal claims:  1) "Fourth And Fourteenth Amendment Violations" (Count I); 2) "Eighth Amendment Violations" (Count II); 3) "Violation Of Plaintiffs' Constitutional Rights By Defendant City Of Detroit" (Count III); 4) "False Imprisonment" (Count IV); 5) "Assault And Battery" (Count V); 6) "Intentional Infliction Of Emotional Distress" (Count VI); and 7) "Negligence" (Count VII).

The action was originally assigned to the Honorable Paul D. Borman. On January 31, 2020, the action was reassigned to the Honorable Stephanie Davis, pursuant to Administrative Order 20-AO-010.

Discovery in this matter has concluded.  Plaintiffs did not seek leave to file an amended

complaint in order to identify any "John Doe" Defendants. But Plaintiffs did not dismiss the claims against the unidentified John Doe officers either.

### Judge Davis's Summary Judgment Opinion and Order

On March 31, 2021, Judge Davis issued an Opinion and Order that addressed Defendants' summary judgment motion. (ECF No. 26). As to Plaintiffs' federal claims, Judge Davis granted summary judgment in Defendants' favor as to all claims, with the sole exception of Plaintiff Nazar Brikho's § 1983 claim that Defendants violated his right to be free from the use of excessive force while the police executed the search warrant. (*Id*. at 38) (Ruling that "[t]he only claim for which disputes of material fact remain concern whether Defendants violated Nazar Brikho's right to be free from the use of excessive force while the police executed the search warrant."). Thus, Judge Davis granted summary judgment in Defendants' favor as to: 1) all other portions of Count I of Plaintiff's complaint (including Nazar Brikho's "excessive force handcuffing claim") (*Id*. at 22); 2) Count II of Plaintiff's complaint ("Eighth Amendment Violations"); and 3) Count III, Plaintiff's *Monell* liability count against the City. Judge Davis also declined to exercise supplemental jurisdiction over any state-law claims in this action and dismissed all state-law claims without prejudice.

Judge Davis's Opinion and Order referenced some video evidence as having been "submitted by" Defendants. (*See, e.g.*, Judge Davis's Opinion and Order at 12). But the docket appears to reflect that Defendants did not actually file any video evidence as exhibits to their motion. (*See* ECF No. 21-1). Thus, this Court has no way of knowing what videos Judge Davis saw as they are not in the record.

### Subsequent Events Before Judge Davis

3

Thereafter, Judge Davis scheduled the matter for a joint final pretrial conference and trial. Before a joint final pretrial conference was held by Judge Davis, on May 16, 2022, Defendants Greeno and Merida filed a motion seeking leave to file a second summary-judgment motion that would address the sole remaining excessive force claim against them. (ECF No. 63). Defendants Greeno and Merida asserted that, after further examination of the remaining claim, they believe that the claim should be disposed of via a dispositive motion. They asserted that the remaining claim fails based upon video evidence and other evidence. They asserted that, in the interest of judicial economy, they should be permitted leave to file another motion.

Plaintiffs opposed the motion, arguing that it appears that Defendants have had the video evidence at issue in their possession since this case was filed but Defendants failed to address it in their summary judgment motion. Plaintiffs asserted that the evidence should not be allowed at this stage of litigation "or in the alternative, Plaintiffs should have the opportunity to thoroughly review this evidence and determine whether or not this newly produced evidence" warrants further action. (ECF No. 64).

On May 23, 2022, a "Stipulated Order Adjourning Motion Hearing And Trial" (ECF No. 65) was issued by Judge Davis, noting that the matter came before the Court "upon stipulation of the parties based upon evidence not previously produced during discovery by Defendants to Plaintiffs, including 14 new videos, as well as Defendants' Proposed Motion [for] Leave to File Second Motion for Summary Judgment." (*Id*.) Given those circumstances, the June 6, 2022 hearing on motions in limine was adjourned, and the trial date was moved to August 9, 2022. (*Id*.)

Before Judge Davis ruled on the motion seeking leave to file a second summary-

judgment motion, this case was reassigned to the undersigned judge pursuant to Administrative Order 22-AO-036.

### Events Following Reassignment To The Undersigned Judge

After reassignment, this Court held a Status Conference with the parties on July 18, 2022. Thereafter, this Court issued an order wherein it: 1) allowed Plaintiff to file an amended complaint, "in order to name any previously unidentified 'john doe' Defendant who is relevant as to the sole remaining claim in this case;" and 2) granted Defendants leave to file another summary judgment motion. (ECF No. 68).

### Defendant Green & Merida's Second Summary Judgment Motion

On July 19, 2022, Defendants Greeno and Merida filed their summary judgment motion. (ECF No. 69). As they were the only Defendants that remained in this case, the motion was brought only on their behalf.

Because the motion is based upon video evidence, yet Defendants failed to file the video evidence as an exhibit, this Court issued an order requiring them to do so. That way, the evidence being presented to the Court is part of the record for appellate purposes. Defendants complied with that Order.

### Plaintiff's Amended Complaint Adding New Defendants

On July 25, 2022, Plaintiffs filed an Amended Complaint. (ECF No. 70). This Court allowed Plaintiff Nazar Brikho to file an amended complaint, "in order to name any previously unidentified 'john doe' Defendant who is relevant as to the sole remaining claim in this case." (ECF No. 68). But Plaintiff did more than that. Plaintiff included, and therefore may have sought to "re-assert" all of his previously dismissed state-law claims (Counts IV, V, VI, and

VII). In addition, although all claims asserted by Nancy Brikho were dismissed, Plaintiff included her in the Amended Complaint too. Plaintiff also included all of the other federal claims that Judge Davis previously addressed in her summary judgment opinion.

Plaintiff also added the following Defendants in the Amended Complaint: 1) Officer David Arnold; 2) Lieutenant Rebecca McKay; 3) Officer Stephen Jackson; 4) Officer Antuan Spigner; and 5) Officer Yuseph Elzein. Those individuals are all identified as officers employed by the Detroit Police Department. Thus, Plaintiff Nazar Brikho apparently wants to assert his remaining excessive force claim (ie., his claim that Defendants used excessive force during the course of the search) against two of the original officers (Greeno and Merida) *and* these five newly-named officers.

The Amended Complaint, however, includes very few factual allegations that are specific to the individual officers that have been added as Defendants, and what each of them is alleged to have done. He only appears to allege that Greeno used excessive force. Nazar alleges that Greeno pointed guns at him and "physically assaulted him resulting in personal injury." (Am. Compl. at ¶ 15). None of the newly-named officers would have any idea what they are alleged to have done to Nazar in terms of excessive force by reading the Amended Complaint. The Amended Complaint merely alleges they assisted in the search. (Am. Compl. at ¶ 16).

B.  **Factual Background**

The events at issue in this case occurred on January 8, 2019, and the following day, January 9, 2019, when a search warrant was executed at Plaintiffs' business premises.

Defendant Jana Greeno is a Detective with the Detroit Police Department. She is a white female. She is not Chaldean or of middle eastern descent. (Greeno Affidavit).

6

Defendant Walter Merida is a Sergeant with the Detroit Police Department. He is a white, Hispanic male. He is not Chaldean or of middle eastern descent, and he is not Russian. (Merida Affidavit).

### Deposition Testimony from Nazar Brikho

Nazar was deposed on November 27, 2019. Nazar owns two car repair and sales businesses in Detroit, Michigan. Both businesses are located on East Eight Mile Road.

Nazar testified that on the first date, January 8, 2019, he was at work when he saw two people outside, taking pictures of his building. (Nazar Dep. at 23-35). He testified that they were two white ladies. When Nazar approached them, they told him they were "investigators." (*Id*. at 28). The women did not say what they were looking for and Nazar ultimately told them to leave if they did not have a warrant. Nazar testified that one of the officers said, "I'll be back with warrant" as they left. (*Id*. at 60).

Officers came back the next day, January 9, 2019. Nazar testified that multiple officers arrived and that all but two of them initially wore masks when they arrived. (*Id*. at 64). Greeno, who Nazar describes as the female officer who is "short and chunky," was not wearing a mask when she arrived. (*Id*.) The same was true for the Sergeant named Walter, who told Nazar that they had a search warrant. (*Id*. at 64).

Nazar was in the front sales area when the officers first arrived. Nazar first testified that he could not count how many officers were there (*Id*. at 63) but later testified that there were sixteen officers there on January 9th. (*Id*. at 112-13).

Nazar testified that the officers took him to another room, his office, after they arrived. (*Id*. at 67). Nazar testified that he remained in his office while the officers conducted the search.

(*Id*. at 67).

Nazar testified that he had a gun in his desk drawer and that Greeno told him to give her the gun, while the Sergeant named Walter was standing beside them. (*Id*. at 69). As Nazar opened the drawer "to grab the gun," the Sergeant named Walter "grabs me by my throat and starts choking me and starts slamming me up against the, the brick paver walls up behind my window." (*Id*. at 69-70).

For a period of time during the search, Nazar was handcuffed. The Sergeant named Walter handcuffed him. Nazar testified that, while he was handcuffed, officers kept grabbing him and slamming him up against the chair or wall when he rose from his chair to try to stand up, or kicked at his feet so that he would fall back into a seated position. (*Id*. at 72-74 & 87-89). Nazar testified that the officers who slammed him against the chair or wall while he was in his office were: 1) the Sergeant named Walter; 2) the officer he describes as the "Chaldean officer;" 3) a task force officer Nazar described as a "black guy" who said "I ain't got nothing to do with this. We were just called in."; and 4) some other officers who were wearing masks. (*Id*. at 73-74, 86-87 & 119-20).

But Nazar later testified the "black guy didn't do nothing" and that it was Walter, the Chaldean officer, and a white officer with a Russian accent that struck him. (*Id*. at 94).

Although he did not know their identifies at the time of the events, after the events that occurred on January 9th, Nazar personally encountered both the "Chaldean officer" and "black officer from the task force" and learned both of their names, which he wrote down. (*Id*. at 100-103 & 120).

**Nancy Brikho's Deposition Testimony**

8

Nancy Brikho was deposed on November 27, 2019. She testified that she was at the premises on both January 8, 2019, and January 9, 2019.

Nancy testified that she does not know how many officers were present on January 9th, but she thinks there were more than ten. (Nancy Brikho's Dep. Tr. at 24-25). Nancy was not in Nazar's office during the execution of the search. Rather, she was in a hallway between the front sales area and her husband's office. (*Id*. at 26). She testified she could only see "a little bit what's going on" but she could see the officers pushing him to sit down. (*Id*. at 26). Nancy could hear the officers asking for cell phones from Nazar and Nancy kept yelling "Do not open my password. Do not open my password's." (*Id*. at 28).

**Video Evidence**

In support of the pending motion, Defendants filed numerous video and audio recordings as exhibits. The Court need not address them all.

Officer Stephen Jackson, who participated in the execution of the search warrant, was wearing a body camera on the day of the search. The video (with audio) from his camera shows that, after officers entered the premises, Nancy Brikho was screaming at officers and Nazar yelled at her to "shut the fuck up" several times. It was initially a somewhat tense situation and the officers then handcuffed Nazar Brikho for a short period of time.

Officer Stephen Jackson's body camera video recording shows the entire time period that Defendants kept Nazar handcuffed. That video shows Nazar being handcuffed and the handcuffs being removed about seven minutes later. While handcuffed, Nazar is seen moving his arms and hands around, twisting and turning while he talked to the officers. Nazar never complained that the handcuffs were too tight. During the entire time that he was handcuffed, no officers pushed,

kicked, or struck Nazar, and no one pushed him into a seated position.

As the handcuffs were being removed, a female officer is heard telling Nazar that "an officer with the State of Michigan" was there and was going to ask him some questions. A white male, wearing a blue jacket and plaid shirt, then enters the room and begins speaking with Nazar.

After the handcuffs were removed, a female officer is heard asking Nazar if he has any weapons on the premises. Nazar responds, "yes, I do and they are all licensed." The female officer then asks him where they are and Nazar opens his desk drawer and says, "I've got one right here." When Nazar moves, and appears to reach for the gun in the open drawer, several officers, say "whoa, whoa, whoa" and the officer previously identified as the "officer with the State of Michigan" briefly grabs Nazar's arm to stop him from picking up the gun. It is a rather light-hearted exchange, with Nazar then seen laughing about having alarmed the officers. No one touched Nazar's neck, no one choked Nazar during this incident, and no one slammed him against the wall.

### C. Standard Of Decision

Summary judgment will be granted where there exists no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuine issue of material fact exists where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In reviewing Defendants' summary judgment motion, this Court must view all facts and inferences in the light most favorable to Plaintiff, the nonmoving party. *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001).

"When videotape footage exists," however, "the reviewing court need not credit the

version of the party who asserts facts 'blatantly contradicted' by the videotape; rather it should view the facts in the light depicted by the videotape." *Cunningham v. Shelby Cty.*, 994 F.3d at 763 (citing *Scott v. Harris*, 550 U.S. 372, 380-81, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)); *see also Rudlaff v. Gillispie*, 791 F.3d 638, 639 (6th Cir. 2015).

## ANALYSIS

**I.    Plaintiff Nazar Brikho's Excessive-Force Claims Against Original Officers (Greeno and Merida)**

Again, the only remaining claim in this case after Judge Davis's ruling on Defendants' summary judgment motion is Plaintiff Nazar Brikho's claim that Defendants violated Nazar Brikho's right to be free from the use of excessive force while the police executed the search warrant. (Judge Davis's Opinion and Order at 38). And that remaining excessive force claim does not include excessive force used as to handcuffing – because Judge Davis expressly ruled that Nazar Brikho's "excessive force handcuffing claim" failed. (*Id*. at 22).

Yet the excessive force handcuffing claim appears to be the only excessive force claim addressed by Plaintiff in his response brief. (*See* Pl.'s Br at 5) ("The result of the raid was that Nazar Brikho suffered personal injury at the hands of the Defendant officers and their application of excessive force, while handcuffing Mr. Brikho.").

Nevertheless, this Court has reviewed Nazar Brikho's deposition transcript, to locate his testimony about excessive force having been used. Nazar testified about two instances of excessive force.

**A.    Excessive Force While Nazar Was Handcuffed**

For a short period of time during the search, Nazar was handcuffed. Nazar testified that, *while he was handcuffed*, officers kept grabbing him and slamming him up against the chair or

wall when he rose from his chair to try to stand up, or kicked at his feet so that he would fall back into a seated position. (Nazar Brikho Dep. Tr. at 72-74 & 87-89). Officer Stephen Jackson's bodycamera video shows the entire time period that Defendants kept Nazar handcuffed. That video and audio recording blatantly contradicts Nazar Brikho's deposition testimony about officers grabbing him and slamming him up against the chair or wall while he was handcuffed. That simply did not occur. Defendants are entitled to summary judgment as to this alleged instance of excessive force.

    **B. Being Choked When Nazar Moved Towards Gun In Desk Drawer**

Nazar testified that he had a gun in his desk drawer and that Greeno told him to give her the gun, while the Sergeant named Walter was standing beside them. (*Id*. at 69). Nazar testified that, as he opened the drawer "to grab the gun," the Sergeant named Walter "grabs me by my throat and starts choking me and starts slamming me up against the brick paver walls up behind my window." (*Id*. at 69-70).

Again, the video and audio evidence from Officer Jackson's bodycamera blatantly contradicts Nazar's testimony. After the handcuffs were removed, at 12:33, an officer is heard asking Nazar if he has any weapons on the premises. Nazar responds, "yes I do and they are all licensed." The officer then asks him where they are and Nazar opens his desk drawer and says, "I've got one right here." When Nazar moves to reach for the gun in the open drawer, several officers, say "whoa, whoa, whoa" and the officer previously identified as the "officer with the State of Michigan" briefly grabs Nazar's arm to stop him from picking up the gun. It is a rather light-hearted exchange, with Nazar seen laughing about having alarmed the officers. No one touched Nazar's neck, no one choked Nazar during this incident, and no one slammed him

12

against the wall. Thus, the video evidence blatantly contradicts Nazar Brikho's deposition testimony about Defendant Merida grabbing his neck, choking him, and slamming him into the wall. Defendants are entitled to summary judgment as to this alleged incident of excessive force.

## II. Plaintiff Nazar Brikho's Excessive-Force Claims Against Newly-Named Individual Officers

Following reassignment, the undersigned judge issued an order that allowed Plaintiff Nazar Brikho to name any previously unidentified "John Doe" Defendants who are relevant as to the sole remaining claim in this case. Plaintiff's Amended Complaint then named the following five additional Defendants, all identified as officers employed by the Detroit Police Department: 1) Officer David Arnold; 2) Lieutenant Rebecca McKay; 3) Officer Stephen Jackson; 4) Officer Antuan Spigner; and 5) Officer Yuseph Elzein.

Nevertheless, Plaintiff's Amended Complaint includes *no factual allegations whatsoever* as to these newly-named officers having used any excessive force on Nazar Brikho. The only thing it alleges is that they assisted with the execution of the search warrant, but claims regarding the search warrant were dismissed by Judge Davis.

Fed. R. Civ. P. 56(j) allows this Court to grant summary judgment to a nonmovant, so long as it gives notice and an opportunity to respond before doing so. Fed. R. Civ. P. 56(j). Given the Court's rulings on Defendant Greeno and Merida's summary judgment motion above, and given other apparent obstacles to such claims, the Court will order Plaintiff Nazar Brikho to show cause, in writing, why the Court should not grant summary judgment in favor of these newly-named Defendants.

### A. The Newly-Named Defendants Appear To Be Entitled To Qualified

13

**Immunity.**

To state a claim under § 1983, a plaintiff must set forth facts that, when construed favorably, establish: 1) the deprivation of a right secured by the Constitution or laws of the United States; 2) caused by a person acting under the color of state law. *Dominguez v. Correctional Medical Services,* 555 F.3d 543, 549 (6th Cir. 2009). Under the familiar doctrine of qualified immunity, government officials performing discretionary functions generally are shielded from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Id.; Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008). Determining whether government officials are entitled to qualified immunity generally requires two inquiries: 1) whether, viewing the facts in the light most favorable to the plaintiff, the plaintiff has shown that a constitutional violation occurred; and 2) whether the right was clearly established at the time of the violation. *Dominguez*, 555 F.3d at 549.

There are five newly-added individual Defendants at issue here. For purposes of qualified immunity, "[e]ach defendant's liability must be assessed individually based on his [or her] own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did that violated the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original); *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (The Sixth Circuit "has consistently held that damage claims against governmental officials alleged to arise from violation of constitutional

14

rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right.") (emphasis in original).

The first step in the qualified immunity analysis is to consider whether, viewing the allegations in the light most favorable to Plaintiff, could Plaintiff establish a Constitutional violation with respect to any of these officers. Then, the Court considers if that right was "clearly established."

Here, Plaintiff's Amended Complaint was filed on July 25, 2022, after discovery closed in this case that had been pending for more than three years, and after Plaintiff had the additional video evidence produced by Defense Counsel that was the subject of Defendant Greeno and Merida's second summary judgment motion. Yet Plaintiff's Amended Complaint lacks any factual allegations that could support a claim of excessive force asserted against any of these newly-named Defendant police officers.

As such, it appears that these Defendants Arnold, McKay, Jackson, Spigner, and Elzein are entitled to qualified immunity. If Plaintiff Nazar Brikho disagrees, he must file a brief that addresses this issue no later than September 2, 2022.

### B. Plaintiff's Claims Against These Newly-Added Defendants Also Appear To Be Time-Barred.

It is undisputed that the alleged instances of excessive force occurred on January 9, 2019. Plaintiff did not file an amended complaint in order to identify any of the "john doe" Defendants until July 25, 2022.

The statute of limitations for Nazar Brikho's § 1983 claims is governed by the state statute of limitations for personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 272, 105 S.Ct.

15

1938, 85 L.Ed.2d 254 (1985). Under Michigan law, MCL § 600.5805(10), the statute of limitations for personal injury claims is three years. *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004). Specifically, the Sixth Circuit has established that Michigan's three-year statute of limitations governs § 1983 claims. *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009). Therefore, Plaintiff's excessive force claim accrued at the time of incident at issue on January 9, 2019. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001) ("Under federal law the statute begins to run when plaintiffs knew or should have known of the injury which forms the basis of their claims."). Plaintiff had three years to file his § 1983 claims against the officers who he alleges used excessive force against him. Plaintiff timely filed this action against Defendants Greeno and Merida on February 27, 2019. But Plaintiff did not file an amended complaint to identify any of the "john doe" officers within the three year period.

Federal Rule of Civil Procedure 15(c) permits an amendment that changes a defendant but arises out of the same conduct relates back to the original complaint if the new defendant "(i) received such notice of the action that [he] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c); *Smith v. City of Akron*, 476 Fed. App'x 67, 69 (6th Cir. 2012). "A defendant's actual knowledge of the complaint and constructive knowledge that the plaintiff made a mistake in failing to name him must occur within 120 days of the filing of the original complaint." *Id*. (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 15(c)).

Notably, the Sixth Circuit has strictly interpreted Rule 15(c). "The Rule allows relation back for the mistaken identification of defendants." *Smith,* 476 Fed. App'x at 69. The Sixth

16

Circuit has specifically held that "adding new, previously unknown defendants in the place of "John Doe" defendants "is considered a change in the parties, not a mere substitution of parties," and "such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)." *Smith*, 476 Fed. App'x at 69 (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)).

Accordingly, absent some type of tolling, Plaintiff's excessive force claims against Defendants Arnold, McKay, Jackson, Spigner, and Elzein appear to be time-barred. If Plaintiff Nazar Brikho disagrees, he must file a brief that addresses this issue no later than September 2, 2022.

  **C.**   **These Newly-Named Defendants Also Appear Entitled To Summary Judgment As To The Remaining Excessive Force Claim Based Upon The Video Evidence**.

In addition to the above, it also appears that these newly-named Defendants are entitled to summary judgment as to Plaintiff Nazar Brikho's remaining excessive force claim – based upon the video evidence.

Again, the only remaining claim in this case after Judge Davis's ruling on Defendants' summary judgment motion is Plaintiff Nazar Brikho's claim that Defendants violated Nazar Brikho's right to be free from the use of excessive force while the police executed the search warrant. (Judge Davis's Opinion and Order at 38). And that remaining excessive force claim does not include excessive force used as to handcuffing – because Judge Davis expressly ruled that Nazar Brikho's "excessive force handcuffing claim" failed. (*Id*. at 22).

Nazar testified about two instances of excessive force: 1) excessive force being used while he was handcuffed, when officers kicked and slammed him against the wall; and 2) excessive force being used when he was not handcuffed and reached for a gun in his desk

drawer. As explained above, Nazar Brikho's deposition testimony is blatantly contradicted by the video evidence. Thus, it appears that these newly-added Defendants are entitled to summary judgment based upon the video evidence. If Plaintiff Nazar Brikho disagrees, he must file a brief that addresses this issue no later than September 2, 2022, and must specifically address the video recording from Officer Jackson's bodycamera.

## CONCLUSION & ORDER

As explained above, Plaintiffs may not "re-assert" the federal claims that Judge Davis dismissed in her March 31, 2021 Opinion and Order and this Court declines to exercise supplemental jurisdiction over any state-law claims in this action. Thus, the only claim that remains in this case is Plaintiff Nazar Brikho's § 1983 claim that Defendants violated his right to be free from the use of excessive force while the police executed the search warrant.

For the reasons set forth above, the Court **ORDERS** that the summary judgment motion filed by Defendants Greeno and Merida (ECF No. 69) is **GRANTED** and the remaining claims against them are **DISMISSED.**

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 56(f), this Court **ORDERS** Plaintiff Nazar Brikho to **SHOW CAUSE**, in writing, no later than **September 2, 2022**, why this Court should not grant summary judgment in favor of the newly-added Defendants, as to his sole remaining claim in this action. This brief must address the three issues outlined in this Opinion and shall be no more than twenty-five (25) pages long.

**IT IS SO ORDERED.**

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated: August 19, 2022